**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DUSTIN VENTIMIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| VEOLIA ES TECHNICAL SOLUTIONS, | ) | |
| LLC; VEOLIA NORTH AMERICA, LLC, | ) | |
| TOYOTA INDUSTRIAL EQUIPMENT | ) | |
| MFG, INC.; TOYOTA MATERIAL | ) | |
| HANDLING, U.S.A., INC. and CASCADE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant, Cascade Corporation, by and through its attorneys, Tressler LLP, pursuant to 28 U.S.C. § 1446, removes this case to the United States District Court Southern District of Illinois, East St. Louis Division, upon the following grounds:

## VENUE

1.　　There is now commenced and pending in the Circuit Court of St. Clair County, Twentieth Judicial Circuit, a certain civil action designated as 19-L-0416, in which Cascade Corporation ("Cascade") is a Defendant, a true and correct copy of which is attached hereto as Exhibit 1.

2.　　Venue lies in the United States District Court for the Southern District of Illinois in the East St. Louis Division pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Clair County, Illinois which is within the Southern District of Illinois.

## DIVERSITY OF CITIENSHIP

3.      The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.      Complete diversity of citizenship exists between Plaintiff and Defendants as required by 28 U.S.C. § 1332(a).

5.      Plaintiff Dustin Ventimiglia is now and was at the commencement of this action a citizen of the State of Illinois, residing in Madison County, Illinois.

6.      Defendant Cascade is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

7.      Defendant Toyota Industrial Equipment Mfg., Inc. is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Indiana and with its principal place of business in Indiana, and consents to this notice of removal.

8.      Defendant Toyota Material Handling, U.S.A., Inc. is now and was at the commencement of this action a corporation organized and existing under the laws of the State of California with its principal place of business in Indiana, and consents to this notice of removal.

9.      Defendants Veolia ES Technical Solutions, LLC and Veolia North America, LLC ("Veolia Defendants") were at all times mentioned herein corporations organized under the laws of the State of Illinois with their principal places of business in Massachusetts.

10.     During the relevant time period Plaintiff, as he alleges in his Complaint, was employed by the Veolia Defendants and worked at their Sauget, Illinois facility.

11.    Although the Veolia Defendants are Illinois corporations, their non-diverse citizenship does not defeat this Court's diversity jurisdiction because they were fraudulently joined.

12.    Fraudulent joinder is a "judicially-related doctrine that provides an exception to the requirement of complete diversity." *Fletcher v ZLB Behring*, 2009 WL 57518, *9 (C.D. Ill. 2009). Diversity jurisdiction will not be destroyed for lack of complete diversity when a non-diverse party has been fraudulently joined.  *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993).  Joinder of a non-diverse defendant is fraudulent when a plaintiff "makes false allegations of jurisdictional fact, or more commonly, when the claim against the non-diverse defendant has no possible chance of success in state court." *Puolos v Naas Foods*, 959 F.2d 69, 73 (7th Cir. 1992); *Kocot v. Alliance Machine*, 651 F.Supp. 226, 227 (S.D. Ill. 1986).  The term "fraudulent" does not reflect the integrity of Plaintiff or imply that Plaintiff's counsel acted in bad faith. *Puolos*, 959 F.2d at 73; *Fletcher*, 2009 WL 57518, *9.

13.    In this case, there is no reasonable possibility that Plaintiff could succeed in his claims against the Veolia Defendants because they were his employer and any claim against them is barred by the Illinois Workers' Compensation Act, 820 ILCS 305/5 *et seq.*

14.     Plaintiff failed to allege any facts against the Veolia Defendants that would suggest that the worker's compensation bar would not preclude his claims against them in this case, and Plaintiff has no reasonable possibility, as a matter of law, of recovering against them in this case.

## AMOUNT IN CONTROVERSY

15.    The amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a).

16.    This action involves a claim for personal injuries and damages in excess of $75,000.

3

17.     Plaintiff alleges in his Complaint that he sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above, including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has, and will in the future, experience pain and suffering, both physical and mental, disability and/or loss of a normal life; disfigurement; medical expenses; wage losses and/or impairment of earning capacity; and an increased risk of future injuries.

18.     The district courts adhere to a policy favoring prompt removal of cases so that a defendant should affect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when, as here, the complaint does not explicitly demand a figure exceeding $75,000.  *McCoy v. General Motors*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises*, 2006 WL 1875457, *3 (S.D. Ill. 2006).

19.     Given the nature of Plaintiff's alleged injuries and jury verdicts and settlements reached in this jurisdiction, there is no question that the amount in controversy exceeds $75,000.

## TIMELINESS

20.     Plaintiff filed the Complaint on June 3, 2019.

21.     Cascade was served with the Complaint and Summons on June 11, 2019.

22.     This notice of Removal was filed within thirty days after receipt by Defendants of the initial pleading pursuant to 28 U.S.C. § 1446(b).

## NOTICE REQUIREMENTS

23.     As required by 28 U.S.C. § 1446(b), Cascade's counsel is providing written notice of the filing of this Notice of Removal to Plaintiff's counsel and the Clerk for the Twentieth Judicial Circuit, St. Clair County, Illinois, Civil Law Division.

24.     A copy of all processes and pleadings are filed contemporaneously with this notice of removal (Exhibit 1) in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, Defendant, Cascade Corporation, removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this Notice of Removal shall affect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**

Dated:  June 28, 2019

CASCADE CORPORATION

By:     s/ Todd Rowe
                One of Its Attorneys


Robert D. Kolar (rkolar@tresslerllp.com) (ARDC# 1501720) (*Pro Hac Vice* forthcoming)
James K. Borcia (jborcia@tresslerllp.com) (ARDC# 6200926) (*Pro Hac Vice* forthcoming)
Todd Rowe (trowe@tresslerllp.com) (ARDC# 6285524)
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, IL 60606
Tel:  (312) 627-4000
Fax: (312) 627-1717

4814-8915-5227, v. 1

 CT Corporation

**Service of Process Transmittal**
06/11/2019
CT Log Number 535656610

**TO:**     Robin Peterson
            Cascade Corporation
            2201 NE 201st Ave
            Fairview, OR 97024-9799

**RE:**     **Process Served in Oregon**

**FOR:**    Cascade Corporation  (Domestic State: OR)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DUSTIN VENTI, PLTF. vs. VEOLIA ES TECHNICAL SOLUTIONS, LLC, ET AL., DFTS. // TO: Cascade Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | ST. CLAIR COUNTY-CIRCUIT COURT, IL<br>Case # 19L0416 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Toyota Model #8FDU32 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/11/2019 at 15:29 |
| **JURISDICTION SERVED :** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Lloyd M. Cueto<br>Law Office of Lloyd M. Cueto, P.C.<br>7110 West Main Street<br>Belleville, IL 62223<br>618-277-1554 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780132981884<br><br>Email Notification,  Robin Peterson  robin.peterson@cascorp.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>780 Commerical Street SE<br>Suite 100<br>Salem, OR 97301 |
| **TELEPHONE:** | 602-277-4792 |

Page 1 of  1 / SC

EXHIBIT 1

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| DUSTIN VENTIMIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 19-L 0416 |
| VEOLIA ES TECHNICAL SOLUTIONS, LLC; | ) | |
| VEOLIA NORTH AMERICA, LLC; | ) | |
| TOYOTA INDUSTRIAL EQUIPMENT MFG, INC.; | ) | |
| TOYOTA MATERIAL HANDLING, U.S.A, INC.; | ) | |
| And | ) | |
| CASCADE CORPORATION; | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMONS**

To Defendant:

CASCADE CORPORATION
c/o CT Corporation System
780 Commercial St. SE Ste 100
Salem, OR 97301

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer: This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

Witness _____

(Seal of Court)



Natalah an Clay
ANDREW KATZ
6/6/2019

Clerk of Court

Plaintiff's Attorney:
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62281
Phone: (618) 277-1554
Facsimile: (618) 277-0962
Email: cuetolm@cuetolaw.com

Date of service _____, 20_____
(to be inserted by officer on copy left with defendant or other person).

Electronically Filed
Kahalah A. Clay
Circuit Clerk
ANDREW KATZ
19L0416
St. Clair County
6/3/2019 5:11 PM
5275854

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY ILLINOIS

DUSTIN VENTIMIGLIA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Case No. 19-L-0416
VEOLIA ES TECHNICAL SOLUTIONS, LLC;　 )
VEOLIA NORTH AMERICA, LLC;　　　　　　 )
TOYOTA INDUSTRIAL EQUIPMENT MFG, INC.; )
TOYOTA MATERIAL HANDLING, U.S.A, INC.; )
And　　　　　　　　　　　　　　　　　　 )
CASCADE CORPORATION;　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　DEFENDANTS.　　　　　　　　　　)

## **COMPLAINT**

Comes now the Plaintiff, DUSTIN VENTIMIGLIA, by and through his attorneys, Law Office of Christopher Cueto, Ltd. and Law Office of Lloyd M. Cueto and for his Complaint against the Defendants, VEOLIA ES TECHNICAL SOLUTIONS, LLC; VEOLIA NORTH AMERICA (hereinafter "VEOLIA Defendants"); TOYOTA INDUSTRIAL EQUIPMENT MFG, INC. (hereinafter "TOYOTAL INDUSTRIAL'); TOYOTA MATERIAL HANDLING U.S.A., INC. (hereinafter "TOYOTA MATERIAL HANDLING"); and CASCADE CORPORATION (hereinafter "CASCADE") state· as follows:

1.　　　At all times relevant to this suit, Dustin Ventimiglia has been a resident of Woodriver, Madison County, Illinois.

2.　　　Plaintiff was employed by VEOLIA Defendants and worked at the Sauget,

Illinois facility. He was hired by VEOLIA Defendants in or around November 2015 as a material/hazardous waste handler.

3.    Plaintiff was trained by VEOLIA Defendants to drive a forklift in November 2015. Plaintiff used the forklift regularly to carry out his assigned tasks.

4.    VEOLIA ES TECHNICAL SOLUTIONS, LLC was at all times mentioned herein a corporation organized under the laws of the State of Illinois, authorized to do business in the State of Illinois, with their principal office in Boston, Massachusetts.

5.    VEOLIA NORTH AMERICA, LLC was at all times mentioned herein a corporation organized under the laws of the State of Illinois, authorized to do business in the State of Illinois, with their principal office in Boston, Massachusetts.

6.    Defendant, TOYOTA INDUSTRIAL, was at all times mentioned herein a corporation organized under the laws of the State Indiana, authorized to do business in the State of Illinois, with its principal office in Columbus, Indiana. Defendant, TOYOTA INDUSTRIAL, is engaged in the business of designing, manufacturing, distributing, marketing, selling and/or servicing forklifts, in Illinois.

7.    Defendant, TOYOTA MATERIALS HANDLING, was at all times mentioned herein a corporation organized under the laws of the State Illinois, authorized to do business in the State of Illinois, with its principal office in Columbus, Indiana. Defendant, TOYOTA MATERIALS HANDLING, is engaged in the business of designing, manufacturing, distributing, marketing, selling and/or servicing forklifts, in Illinois.

8.    Defendant, CASCADE CORPORATION, was at all times mentioned

herein a corporation organized under the laws of the State of Oregon, authorized to do
business in the State of Illinois, with its principal office in Fairview, Oregon. Defendant,
CASCADE CORPORATION, is engaged in the business of designing, manufacturing,
distributing, and/or marketing forklift attachments.

9.     The forklift at issue of this lawsuit was purchased by VEOLIA
Defendants, and used in the course of their day to day business located in Sauget, St. Clair
County, Illinois.

10.     The forklift at issue is a Toyota Model #8FDU32. Veolia referred to it as
"Forklift #11". Forklift #11 was equipped with a Cascade Fork Clamp, Revolving
Attachment R50D-CFR-60514.

11.     On or about June 1, 2017, at approximately 9:30 p.m., DUSTIN
VENTIMIGLIA was working at the VEOLIA Defendants' facility in Sauget, Illinois.
He was operating Forklift #11 when it suddenly and catastrophically flipped over onto
the Plaintiff causing broken bones and life-threatening injuries.

<u>COUNT I</u>
**(Strict Liability- Manufacturing Defect)**
Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING
(hereinafter, "TOYOTA DEFENDANTS")

12.     For Count I of his Complaint against the named TOYOTA Defendants, the
Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing
paragraphs as if fully set forth in the following paragraphs.

13.     TOYOTA Defendants manufactured and sold the subject forklift in the
ordinary course of business.

14.     The subject forklift was being used in the manner reasonably

anticipated by the TOYOTA Defendants at the time of the incident.

15.     At all times relevant hereto, the subject forklift was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

   a)   The forklift was manufactured without adequate stabilization mechanisms;

   b)   The forklift was manufactured without the proper type front-end attachment needed for the type of lifting VEOLIA Defendants needed it to perform;

   c)   The forklift was retrofitted with a front-end attachment that TOYOTA Defendants approved as an appropriate upgrade but proved to be unreasonably dangerous.

16.     That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

   a)   Pain and suffering, both physical and mental;

   b)   Disability and/or loss of a normal life;

   c)   Disfigurement;

   d)   Medical expenses;

e)      Wage losses and/or impairment of earning capacity; and

f)      An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment

against TOYOTA Defendants in an amount reasonable and equitable and in excess of

Fifty Thousand Dollars and 00/1 00 ($50,000.00), plus cost of suit.

## COUNT II
### (Strict Liability- Design Defect)
### Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

17.    ·For Count II of Plaintiff DUSTIN VENTIMIGLIA's Complaint against the

TOYOTA Defendants, the Plaintiff incorporates the allegations contained in

the foregoing paragraphs as if fully set forth in the following paragraphs.

18.    TOYOTA Defendants designed, manufactured and sold the subject forklift in

the ordinary course of business.

19.    The subject forklift was being used in the manner reasonably anticipated by the

TOYOTA Defendants at the time of the incident.

20.    At all times relevant hereto, the subject forklift was defective and unreasonably

dangerous when put to a reasonably anticipated use in one or more of the following respects:

a.      The forklift was designed and manufactured without

adequate stabilization mechanisms;

b.      The forklift was designed and manufactured without the

proper type front-end attachment needed for the type of lifting VEOLIA

Defendants needed it to perform

c.      The forklift was retrofitted with front-end attachment that

TOYOTA Defendants approved as an appropriate upgrade but proved to be unreasonably dangerous.

21.    That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a)    Pain and suffering, both physical and mental;
    b)    Disability and/or loss of a normal life;
    c)    Disfigurement;
    d)    Medical expenses;
    e)    Wage losses and/or impairment of earning capacity; and
    f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against TOYOTA Defendants in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

## COUNT III
### (Negligence)
### Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

22.    For Count III of DUSTIN VENTIMIGLIA's Complaint against the TOYOTA Defendants, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

23.   The forklift, which is the subject of this suit, was purchased by VEOLIA Defendants, and used in daily operations at their St. Clair County, Illinois location.

24.   The subject forklift was being used in the manner reasonably anticipated by TOYOTA Defendants at the time of the incident.

25.   That TOYOTA Defendants, by and through their agents, servants or employees, was negligent in one or more of the following respects:

a)   Designed, manufactured and/or sold the forklift without stabilizing mechanisms required to perform the tasks routinely required by VEOLIA Defendants in daily business;

b)   Designed, manufactured and/or sold the forklift without the proper front-end equipment requiring retrofitting with other front-parts;

c)   Failed to identify balance deficits in the design specifications for the subject forklift;

d)   Failed to properly inspect and/or test the forklift and/or its components during the manufacturing process to ensure that the forklift was adequately and properly manufactured;

e)   Failed to properly inspect and/or test the forklift and/or its retrofitting components during the manufacturing process to ensure that the forklift was adequately and properly manufactured;

f)   Sold or delivered into a stream of commerce an unsafe and unreasonably dangerous forklift and retrofitting components when it knew or should have known of the dangers to the user of said forklift.

26.   That as a direct and proximate result of one or more of the aforesaid

acts and/or omissions of negligence by the TOYOTA Defendants, the Plaintiff,

DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when

he was pinned beneath the forklift as described above including but not limited to,

multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung,

lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has

and will in the future experience:

<blockquote>
a)    Pain and suffering, both physical and mental;

b)    Disability and/or loss of a normal life;

c)    Disfigurement;

d)    Medical expenses;

e)    Wage losses and/or impairment of earning capacity; and

f)    An increased risk of future injuries.
</blockquote>

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment

against TOYOTA DEFENDANTS in an amount reasonable and equitable and in excess

of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

## COUNT IV
### (Breach of Implied Warranty of Merchantability)
### Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

27.    For Count IV of his Complaint against the TOYOTA Defendants, the

Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing

paragraphs as if fully set forth in the following paragraphs.

28.    At all times relevant hereto, the TOYOTA Defendants did implicitly

warrant that their forklifts, including the subject forklifts, were of merchantable quality

pursuant to 810 ILCS 5/2-314.

29.    The TOYOTA Defendants did breach the aforementioned implied warranty

of merchantability in that the subject forklift was not of merchantable quality in that the forklift was not fit for the ordinary purposes for which it was intended to be used.

30.    That as a direct and proximate result of the aforesaid breach of implied warranty of merchantability by the TOYOTA Defendants, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

        a)     Pain and suffering, both physical and mental;
        b)     Disability and/or loss of a normal life;
        c)     Disfigurement;
        d)     Medical expenses;
        e)     Wage losses and/or impairment of earning capacity; and
        f)     An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against TOYOTA DEFENDANTS in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

**COUNT V**
**(Strict Liability- Manufacturing Defect)**
**Against CASCADE CORPORATION**
**(hereinafter, "CASCADE DEFENDANT")**

31.    For Count V of his Complaint against the named CASCADE Defendant, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

Page 9 of 19

Case No. 19-L-

32.  CASCADE Defendant manufactured and sold the subject revolving fork clamp attachment in the ordinary course of business.

33.  The subject revolving fork clamp was being used in the manner reasonably anticipated by the CASCADE Defendant at the time of the incident.

34.  At all times relevant hereto, the subject revolving fork clamp was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

a.  The revolving fork clamp was manufactured without adequate stabilization mechanisms;

b.  The revolving fork clamp manufactured was an inappropriate size and weight for the forklift model used by Plaintiff;

c.  The revolving fork clamp was an inappropriate attachment for the type of lifting Plaintiff needed it to perform.

35.  That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

a)  Pain and suffering, both physical and mental;

b)  Disability and/or loss of a normal life;

c)  Disfigurement;

d)      Medical expenses;

e)      Wage losses and/or impairment of earning capacity; and

f)      An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

**COUNT VI**
(Strict Liability- Design Defect)
**Against CASCADE CORPORATION**
(hereinafter, "CASCADE DEFENDANT")

36.     For Count VI of Plaintiff DUSTIN VENTIMIGLIA's Complaint against the CASCADE Defendant, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

37.     CASCADE Defendant designed, manufactured and sold the subject revolving fork clamp attachment in the ordinary course of business.

38.     The subject revolving fork clamp was being used in the manner reasonably anticipated by the CASCADE Defendant at the time of the incident.

39.     At all times relevant hereto, the subject revolving fork clamp was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

a.      The revolving fork clamp was designed and manufactured without adequate stabilization mechanisms;

b.      The revolving fork clamp designed and manufactured was

an inappropriate size and weight for the forklift model used by Plaintiff;

c.      The revolving fork clamp was an inappropriate attachment

for the type of lifting Plaintiff needed it to perform.

40.     That as a direct and proximate result of one or more of the aforesaid defective

and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained

injuries to various parts of his body, when he was pinned beneath the overturned forklift

including but not limited to, multiple fractured ribs, left and right femur fractures, broken

vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a

result thereof he has and will in the future experience:

a)      Pain and suffering, both physical and mental;
b)      Disability and/or loss of a normal life;
c)      Disfigurement;
d)      Medical expenses;
e)      Wage losses and/or impairment of earning capacity; and
f)      An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment

against CASCADE Defendant in an amount reasonable and equitable and in excess of

Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT VII
### (Negligence)
### Against CASCADE CORPORATION
### (hereinafter, "CASCADE DEFENDANT")

41.    For Count VII of DUSTIN VENTIMIGLIA's Complaint against the

CASCADE DEFENDANT, the Plaintiff incorporates the allegations contained in the

foregoing paragraphs as if fully set forth in the following paragraphs.

42.    The revolving fork clamp, which is the subject of this suit, was purchased by

VEOLIA Defendants, and used in daily operations at their St. Clair County, Illinois location.

43.    The subject revolving fork clamp was being used in the manner reasonably

anticipated by CASCADE Defendant at the time of the incident.

44.    That CASCADE Defendant by and through their agents, servants or

employees, was negligent in one or more of the following respects:

> a)    Designed, manufactured and/or sold the revolving fork
> clamp without stabilizing mechanisms required to
> perform the tasks routinely required by VEOLIA
> Defendants in daily business;
>
> b)    Failed to identify balance deficits in the design
> specifications for the subject revolving fork clamp;
>
> c)    Failed to properly inspect and/or test the revolving fork
> clamp and/or its components during the manufacturing
> process to ensure that the revolving fork clamp was
> adequately and properly manufactured;
>
> d)    Sold or delivered into a stream of commerce an unsafe
> and unreasonably dangerous revolving fork clamp and
> retrofitting components when it knew or should have
> known of the dangers to the user of said revolving fork
> clamp.

45.    That as a direct and proximate result of one or more of the aforesaid

acts and/or omissions of negligence by the CASCADE Defendant, the Plaintiff,

DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when

he was pinned beneath the forklift as described above including but not limited to,

multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung,

lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has

and will in the future experience:

        a)    Pain and suffering, both physical and mental;

        b)    Disability and/or loss of a normal life;

        c)    Disfigurement;

        d)    Medical expenses;

        e)    Wage losses and/or impairment of earning capacity; and

        f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment

against CASCADE Defendant in an amount reasonable and equitable and in excess of

Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

## COUNT VIII
### (Breach of Implied Warranty of Merchantability)
### Against CASCADE CORPORATION
### (Hereinafter "CASCADE DEFENDANT")

46.    For Count VIII of his Complaint against the CASCADE Defendant, the

Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing

paragraphs as if fully set forth in the following paragraphs.

47.    At all times relevant hereto, the CASCADE Defendant did implicitly warrant

that their revolving fork clamp, including the subject revolving fork clamp, were of

merchantable quality pursuant to 810 ILCS 5/2-314.

48.    The CASCADE Defendant did breach the aforementioned implied warranty of

merchantability in that the subject revolving fork clamp was not of merchantable quality in that

the revolving fork clamp was not fit for the ordinary purposes for which it was intended to be

used.

49. That as a direct and proximate result of the aforesaid breach of implied warranty of merchantability by the CASCADE Defendant, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

        a)    Pain and suffering, both physical and mental;
        b)    Disability and/or loss of a normal life;
        c)    Disfigurement;
        d)    Medical expenses;
        e)    Wage losses and/or impairment of earning capacity; and
        f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

## COUNT IX
### (Negligence)
### Against VEOLIA Defendants

50. For Count IX of his Complaint against the VEOLIA Defendants, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

51. Defendant, VEOLIA Defendants hired Plaintiff, DUSTIN VENTIMIGLIA, to perform tasks that included the operation a forklift.. VEOLIA Defendants trained their employees, including Plaintiff, to use the forklift equipment it owned.

52. Plaintiff, DUSTIN VENTIMIGLIA, operated VEOLIA Defendants' forklifts

regularly as a part of his daily assigned tasks.

53.   VEOLIA Defendants had purchased the forklift subject to this Complaint even though it required a post-production attachment in order to perform tasks routine in the day-to-day operations at the VEOLIA Defendants' facility in Sauget, Illinois.

54.   VEOLIA Defendants replaced the factory-installed lifting mechanism of the forklift subject to this COMPLAINT with a post-production attachment.  The newly configured forklift lacked the stability needed to operate safely in the regular course of business.

55.   VEOLIA Defendants had a duty to protect their employee from the harm inherent in the unstable configuration of the forklift subject to this Complaint.

56.   VEOLIA Defendants disregarded the risks involved in substituting factory-installed lifting mechanism of the forklift with a post-production attachment.  This disregard was a breach of duty to protect the safety owed to the Plaintiff, DUSTIN VENTIMIGLIA.

57.   As a direct result of this breach of duty, Plaintiff DUSTIN VENTIMIGLIA, was injured when the forklift subject to this Complaint flipped over.  Plaintiff suffered tangible harm and sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

a)   Pain and suffering, both physical and mental;
b)   Disability and/or loss of a normal life;
c)   Disfigurement;
d)   Medical expenses;
e)   Wage losses and/or impairment of earning capacity; and
f)   An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against VEOLIA DEFENDANTS in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT X
### (Willful and Wanton Conduct)
### Against VEOLIA Defendants

58.     For Count X of his Complaint against the VEOLIA Defendants the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

59.     At all material times VEOLIA Defendants knew or should have known the risks involved in substituting the factory-installed lifting mechanism of the forklift with a post-production attachment.

60.     Despite their knowledge, VEOLIA Defendants continued to utilize an unsafe configuration of equipment modification, without disclosing its dangerous limitations when there existed safer alternative products.

61.     Despite VEOLIA Defendants' knowledge of the forklift's unreasonably dangerous configuration, VEOLIA Defendants continued to utilize the modified forklift to maximize sales and profits at the expense of the health and safety of their employees, including Plaintiff, in conscious disregard of the foreseeable harm caused the unstable forklift when used to perform the tasks that the VEOLIA Defendants ordered Plaintiff to accomplish.

62.     VEOLIA Defendants' conduct was willful and wanton.

63.     VEOLIA Defendants' conduct, including but not limited to, their failure to adequately test their retro-fitted equipment, to provide adequate warnings, and their continued

use of the retro-fitted equipment when they knew or should have known of the serious injury risk created, evidences a flagrant disregard of human life as to warrant the imposition of damages as the acts or omissions were committed with knowing, conscious and deliberate disregard for the rights and safety of their employees, including Plaintiff.

64.   As a direct result of the VEOLIA Defendants' willful and wanton conduct, Plaintiff DUSTIN VENTIMIGLIA, was injured when the forklift subject to this Complaint flipped over.  Plaintiff suffered tangible harm and sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

       a)    Pain and suffering, both physical and mental;
       b)    Disability and/or loss of a normal life;
       c)    Disfigurement;
       d)    Medical expenses;
       e)    Wage losses and/or impairment of earning capacity; and
       f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against VEOLIA Defendants in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

June 3, 2019

s./Lloyd M. Cueto
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962

Page 18 of 19

Case No. 19-L-

cuetolm@cuetolaw.com

Christopher Cueto, IL 06192248
Michael J. Gras, IL 06303414
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277-1554
Fax: (618) 277-0962
ccueto@cuetolaw.com
mgras@cuetolaw.com

*Attorneys for Plaintiff*

JS 44 - Modified by ILSD 4/2019

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury  -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| | | | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  ADDITIONAL INFORMATION:

☐   CHECK IF THIS IS A **CLASS ACTION**
        UNDER RULE 23, F.R.Cv.P.

DEMAND $

Is a jury demanded by any party?
**JURY DEMAND:**     ☐ Yes     ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE                                                    SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____        AMOUNT _____        APPLYING IFP _____        JUDGE _____        MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Additional Information.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check YES if a jury is being demanded by any party. Check NO if no party has demanded a jury.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.