IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DUSTIN VENTIMIGLIA,<br><br>        Plaintiff,<br>v.<br><br>TOYOTA INDUSTRIAL EQUIPMENT MFG, INC., and CASCADE CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Cause No. 3:19-cv-00707-NJR-MAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **FIRST AMENDED COMPLAINT**

Comes now the Plaintiff, DUSTIN VENTIMIGLIA, by and through his attorneys, Law Office of Christopher Cueto, Ltd. and Law Office of Lloyd M. Cueto and for his Complaint against the Defendants, TOYOTA INDUSTRIAL EQUIPMENT MFG, INC. (hereinafter "TOYOTAL INDUSTRIAL'); TOYOTA MATERIAL HANDLING U.S.A., INC. (hereinafter "TOYOTA MATERIAL HANDLING"); and CASCADE CORPORATION (hereinafter "CASCADE") state· as follows:

1. At all times relevant to this suit, Dustin Ventimiglia has been a resident of Woodriver, Madison County, Illinois.

2. Plaintiff was employed by VEOLIA and worked at the Sauget, Illinois facility. He was hired by VEOLIA in or around November 2015 as a material/hazardous waste handler.

3. Plaintiff was trained by VEOLIA to drive a forklift in November 2015. Plaintiff used the forklift regularly to carry out his assigned tasks.

4. Defendant, TOYOTA INDUSTRIAL, was at all times mentioned herein a corporation organized under the laws of the State Indiana, authorized to do business in the State of Illinois, with its principal office in Columbus, Indiana. Defendant, TOYOTA INDUSTRIAL, is engaged in the business of designing, manufacturing, distributing, marketing, selling and/or servicing forklifts, in Illinois.

5. Defendant, TOYOTA MATERIALS HANDLING, was at all times mentioned herein a corporation organized under the laws of the State Illinois, authorized to do business in the State of Illinois, with its principal office in Columbus, Indiana. Defendant, TOYOTA MATERIALS HANDLING, is engaged in the business of designing, manufacturing, distributing, marketing, selling and/or servicing forklifts, in Illinois.

6. Defendant, CASCADE CORPORATION, was at all times mentioned herein a corporation organized under the laws of the State of Oregon, authorized to do business in the State of Illinois, with its principal office in Fairview, Oregon. Defendant, CASCADE CORPORATION, is engaged in the business of designing, manufacturing, distributing, and/or marketing forklift attachments.

7. The forklift at issue of this lawsuit was purchased by VEOLIA and used in the course of their day to day business located in Sauget, St. Clair County, Illinois.

8. The forklift at issue is a Toyota Model #8FDU32. Veolia referred to it as "Forklift #11". Forklift #11 was equipped with a Cascade Fork Clamp, Revolving Attachment R50D-CFR-60514.

9. On or about June 1, 2017, at approximately 9:30 p.m., DUSTIN VENTIMIGLIA was working at the VEOLIA facility in Sauget, Illinois. He was

operating Forklift #11 when it suddenly and catastrophically flipped over onto the Plaintiff causing broken bones and life-threatening injuries.

## COUNT I
### (Strict Liability- Manufacturing Defect)
Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING
(hereinafter, "TOYOTA DEFENDANTS")

10. For Count I of his Complaint against the named TOYOTA Defendants, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

11. TOYOTA Defendants manufactured and sold the subject forklift in the ordinary course of business.

12. The subject forklift was being used in the manner reasonably anticipated by the TOYOTA Defendants at the time of the incident.

13. At all times relevant hereto, the subject forklift was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

   a) The forklift was manufactured without adequate stabilization mechanisms;

   b) The forklift was manufactured without the proper type front-end attachment needed for the type of lifting VEOLIA needed it to perform;

   c) The forklift was retrofitted with a front-end attachment that TOYOTA Defendants approved as an appropriate upgrade but proved to be unreasonably dangerous.

16. That as a direct and proximate result of one or more of the aforesaid

defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a) Pain and suffering, both physical and mental;

    b) Disability and/or loss of a normal life;

    c) Disfigurement;

    d) Medical expenses;

    e) Wage losses and/or impairment of earning capacity; and

    f) An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against TOYOTA Defendants in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

**COUNT II**
(Strict Liability- Design Defect)
Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

17. For Count II of Plaintiff DUSTIN VENTIMIGLIA's Complaint against the TOYOTA Defendants, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

18. TOYOTA Defendants designed, manufactured and sold the subject forklift in the ordinary course of business.

19. The subject forklift was being used in the manner reasonably anticipated by the TOYOTA Defendants at the time of the incident.

20. At all times relevant hereto, the subject forklift was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

    a. The forklift was designed and manufactured without adequate stabilization mechanisms;

    b. The forklift was designed and manufactured without the proper type front-end attachment needed for the type of lifting VEOLIA needed it to perform

    c. The forklift was retrofitted with front-end attachment that TOYOTA Defendants approved as an appropriate upgrade but proved to be unreasonably dangerous.

21. That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a) Pain and suffering, both physical and mental;

      b)     Disability and/or loss of a normal life;

      c)     Disfigurement;

      d)     Medical expenses;

      e)     Wage losses and/or impairment of earning capacity; and

      f)     An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against TOYOTA Defendants in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT III
### (Negligence)
Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

22.    For Count III of DUSTIN VENTIMIGLIA's Complaint against the TOYOTA Defendants, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

23.    The forklift, which is the subject of this suit, was purchased by VEOLIA, and used in daily operations at their St. Clair County, Illinois location.

24.    The subject forklift was being used in the manner reasonably anticipated by TOYOTA Defendants at the time of the incident.

25.    That TOYOTA Defendants, by and through their agents, servants or employees, was negligent in one or more of the following respects:

      a)     Designed, manufactured and/or sold the forklift without stabilizing mechanisms required to perform the tasks routinely required by VEOLIA in daily business;

      b)     Designed, manufactured and/or sold the forklift without the proper front-end equipment requiring retrofitting with other front-parts;

    c)    Failed to identify balance deficits in the design specifications for the subject forklift;

    d)    Failed to properly inspect and/or test the forklift and/or its components during the manufacturing process to ensure that the forklift was adequately and properly manufactured;

    e)    Failed to properly inspect and/or test the forklift and/or its retrofitting components during the manufacturing process to ensure that the forklift was adequately and properly manufactured;

    f)    Sold or delivered into a stream of commerce an unsafe and unreasonably dangerous forklift and retrofitting components when it knew or should have known of the dangers to the user of said forklift.

26. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of negligence by the TOYOTA Defendants, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a)    Pain and suffering, both physical and mental;
    b)    Disability and/or loss of a normal life;
    c)    Disfigurement;
    d)    Medical expenses;
    e)    Wage losses and/or impairment of earning capacity; and
    f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment

against TOYOTA DEFENDANTS in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT IV
### (Breach of Implied Warranty of Merchantability)
### Against TOYOTA INDUSTRIAL and TOYOTA MATERIALS HANDLING

27. For Count IV of his Complaint against the TOYOTA Defendants, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

28. At all times relevant hereto, the TOYOTA Defendants did implicitly warrant that their forklifts, including the subject forklifts, were of merchantable quality pursuant to 810 ILCS 5/2-314.

29. The TOYOTA Defendants did breach the aforementioned implied warranty of merchantability in that the subject forklift was not of merchantable quality in that the forklift was not fit for the ordinary purposes for which it was intended to be used.

30. That as a direct and proximate result of the aforesaid breach of implied warranty of merchantability by the TOYOTA Defendants, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

      a) Pain and suffering, both physical and mental;
      b) Disability and/or loss of a normal life;
      c) Disfigurement;
      d) Medical expenses;

    e)    Wage losses and/or impairment of earning capacity; and

    f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against TOYOTA DEFENDANTS in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

**COUNT V**
**(Strict Liability- Manufacturing Defect)**
Against CASCADE CORPORATION
(hereinafter, "CASCADE DEFENDANT")

31. For Count V of his Complaint against the named CASCADE Defendant, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

32. CASCADE Defendant manufactured and sold the subject revolving fork clamp attachment in the ordinary course of business.

33. The subject revolving fork clamp was being used in the manner reasonably anticipated by the CASCADE Defendant at the time of the incident.

34. At all times relevant hereto, the subject revolving fork clamp was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

    a.    The revolving fork clamp was manufactured without adequate stabilization mechanisms;

    b.    The revolving fork clamp manufactured was an inappropriate size and weight for the forklift model used by Plaintiff;

    c.    The revolving fork clamp was an inappropriate attachment for the type of lifting Plaintiff needed it to perform.

35. That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

   a) Pain and suffering, both physical and mental;

   b) Disability and/or loss of a normal life;

   c) Disfigurement;

   d) Medical expenses;

   e) Wage losses and/or impairment of earning capacity; and

   f) An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

**COUNT VI**
(Strict Liability- Design Defect)
Against CASCADE CORPORATION
(hereinafter, "CASCADE DEFENDANT")

36. For Count VI of Plaintiff DUSTIN VENTIMIGLIA's Complaint against the CASCADE Defendant, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

37. CASCADE Defendant designed, manufactured and sold the subject revolving fork clamp attachment in the ordinary course of business.

38. The subject revolving fork clamp was being used in the manner reasonably anticipated by the CASCADE Defendant at the time of the incident.

39. At all times relevant hereto, the subject revolving fork clamp was defective and unreasonably dangerous when put to a reasonably anticipated use in one or more of the following respects:

    a. The revolving fork clamp was designed and manufactured without adequate stabilization mechanisms;

    b. The revolving fork clamp designed and manufactured was an inappropriate size and weight for the forklift model used by Plaintiff;

    c. The revolving fork clamp was an inappropriate attachment for the type of lifting Plaintiff needed it to perform.

40. That as a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the overturned forklift including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a) Pain and suffering, both physical and mental;
    b) Disability and/or loss of a normal life;
    c) Disfigurement;
    d) Medical expenses;

e)    Wage losses and/or impairment of earning capacity; and

f)    An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT VII
**(Negligence)**
Against CASCADE CORPORATION
(hereinafter, "CASCADE DEFENDANT")

41.   For Count VII of DUSTIN VENTIMIGLIA's Complaint against the CASCADE DEFENDANT, the Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

42.   The revolving fork clamp, which is the subject of this suit, was purchased by VEOLIA, and used in daily operations at their St. Clair County, Illinois location.

43.   The subject revolving fork clamp was being used in the manner reasonably anticipated by CASCADE Defendant at the time of the incident.

44.   That CASCADE Defendant by and through their agents, servants or employees, was negligent in one or more of the following respects:

a)   Designed, manufactured and/or sold the revolving fork clamp without stabilizing mechanisms required to perform the tasks routinely required by VEOLIA in daily business;

b)   Failed to identify balance deficits in the design specifications for the subject revolving fork clamp;

c)   Failed to properly inspect and/or test the revolving fork clamp and/or its components during the manufacturing

      process to ensure that the revolving fork clamp was adequately and properly manufactured;

  d) Sold or delivered into a stream of commerce an unsafe and unreasonably dangerous revolving fork clamp and retrofitting components when it knew or should have known of the dangers to the user of said revolving fork clamp.

45. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of negligence by the CASCADE Defendant, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

  a) Pain and suffering, both physical and mental;
  b) Disability and/or loss of a normal life;
  c) Disfigurement;
  d) Medical expenses;
  e) Wage losses and/or impairment of earning capacity; and
  f) An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/l 00 ($50,000.00), plus cost of suit.

## COUNT VIII
**(Breach of Implied Warranty of Merchantability)**
Against CASCADE CORPORATION
(Hereinafter "CASCADE DEFENDANT")

46. For Count VIII of his Complaint against the CASCADE Defendant, the Plaintiff, Dustin Ventimiglia, incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

47. At all times relevant hereto, the CASCADE Defendant did implicitly warrant that their revolving fork clamp, including the subject revolving fork clamp, were of merchantable quality pursuant to 810 ILCS 5/2-314.

48. The CASCADE Defendant did breach the aforementioned implied warranty of merchantability in that the subject revolving fork clamp was not of merchantable quality in that the revolving fork clamp was not fit for the ordinary purposes for which it was intended to be used.

49. That as a direct and proximate result of the aforesaid breach of implied warranty of merchantability by the CASCADE Defendant, the Plaintiff, DUSTIN VENTIMIGLIA, sustained injuries to various parts of his body, when he was pinned beneath the forklift as described above including but not limited to, multiple fractured ribs, left and right femur fractures, broken vertebrae, punctured lung, lacerated liver, lacerated spleen requiring a splenectomy, and as a result thereof he has and will in the future experience:

    a) Pain and suffering, both physical and mental;
    b) Disability and/or loss of a normal life;
    c) Disfigurement;
    d) Medical expenses;
    e) Wage losses and/or impairment of earning capacity; and
    f) An increased risk of future injuries.

WHEREFORE, the Plaintiff, DUSTIN VENTIMIGLIA, prays for judgment against CASCADE Defendant in an amount reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit.

    *s./Lloyd M. Cueto*
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962
cuetolm@cuetolaw.com

Christopher Cueto, IL 06192248
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962
ccueto@cuetolaw.com
mgras@cuetolaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5.9 of the Local Rules of the Northern District of Illinois, I certify that on September 25, 2019 a true and correct copy of the foregoing has been properly served upon counsel of record as required by the Federal Rules of Civil Procedure via the ECF system.

    *s./Lloyd M. Cueto*
Lloyd M. Cueto, IL 6292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62223
Telephone: (618) 277-1554
cuetolm@cuetolaw.com