IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DUSTIN VENTIMIGLIA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-707-NJR-MAB |
| TOYOTA INDUSTRIAL EQUIPMENT MFG, INC., TOYOTA MATERIAL HANDLING, U.S.A., INC. and CASCADE CORPORATION, | ) **JURY DEMAND** |
| Defendants. | ) |
| CASCADE CORPORATION, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| VEOLIA ES TECHNICAL SOLUTIONS, LLC and VEOLIA NORTH AMERICA, LLC, | ) |
| Third Party Defendants. | ) |

## CASCADE CORPORATION'S THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, Cascade Corporation ("Cascade"), by and through its attorneys, Tressler LLP, and for its Third Party Complaint against Third Party Defendants, Veolia ES Technical Solutions, LLC and Veolia North America, LLC ("the Veolia Defendants"), states as follows:

### PARTIES

1. Cascade was at all times mentioned herein a corporation organized under the laws of the State of Oregon, with its principal office in Fairview, Oregon.

2. Defendant Veolia North America, LLC's sole member now and was at the commencement of this action is Veolia North America, Inc., which is incorporated in the State of Delaware and has its principal place of business in the State of Delaware. Therefore, Veolia North America, LLC is a citizen of the States of Massachusetts and Delaware.

3. Defendant Veolia ES Technical Solutions, LLC's sole member now and was at the commencement of this action is Veolia Environmental Services North America LLC. Veolia Environmental Services North America LLC's sole member is Veolia North America, Inc., which is incorporated in the State of Delaware and has its principal place of business in the State of Delaware. Therefore, Veolia ES Technical Solutions, LLC is a citizen of the States of Massachusetts and Delaware.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over Cascade's third-party claims pursuant to 28 U.S.C. § 1332 because Cascade is diverse in citizenship from the Veolia Defendants and more than $75,000, exclusive of interest and costs, is in controversy because Plaintiff seeks in excess of $75,000, exclusive of interest and costs, from Cascade. This Court also has supplemental jurisdiction over Cascade's third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff's claims.

5. The Veolia Defendants are subject to the general personal jurisdiction of this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the Veolia Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

7. On June 3, 2019 Plaintiff filed a Complaint against Cascade and others seeking damages for injuries he allegedly sustained on June 1, 2017 while he was performing job-related duties for his employer, the Veolia Defendants.

8. On September 25, 2019 Plaintiff filed a First Amended Complaint against Cascade and others seeking damages for injuries he allegedly sustained on June 1, 2017 while he was performing job-related duties for his employer, the Veolia Defendants.

9. In his First Amended Complaint Plaintiff pled four counts against Cascade, including strict liability manufacturing defect (Count V), strict liability design defect (Count VI), negligence (Count VII) and breach of implied warranty of merchantability (Count VIII).

10. Plaintiff alleges that he was employed by the Veolia Defendants and worked at their Sauget, Illinois facility. In Plaintiff's First Amended Complaint, he alleges that Cascade was negligent in one or more of the following respects:

   a. designed, manufactured and/or sold the revolving fork clamp without stabilizing mechanisms required to perform the tasks routinely required by Veolia Defendants in daily business;

   b. failed to identify balance deficits in the design specifications for the subject revolving fork clamp;

   c. failed to properly inspect and/or test the revolving fork clamp and/or its components during the manufacturing process to ensure that the revolving fork clamp was adequately and properly manufactured; and

   d. sold or delivered into a stream of commerce an unsafe and unreasonably dangerous revolving fork clamp and retrofitting components when it knew or should have known of the dangers to the user of said revolving fork clamp.

11. Plaintiff further alleges that as a result of the aforementioned acts, Plaintiff suffered pain and suffering, both physical and mental, disability and/or loss of a normal life,

disfigurement, medical expenses, wage losses and/or impairment of earning capacity and an increased risk of future injuries.

12. Cascade has filed an Answer to Plaintiff's First Amended Complaint denying all material allegations asserted against it on all counts.

## COUNT I
### (CONTRIBUTION)

13. While maintaining its denial of the allegations pled against it by Plaintiff, and pleading in the alternative only, Cascade seeks contribution from the Veolia Defendants pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et. seq*.

14. In Plaintiff's First Amended Complaint, he alleges that Cascade "manufactured and sold the subject revolving fork clamp attachment in the ordinary course of business."

15. At all times relevant to Plaintiff's Complaint, the Veolia Defendants had a duty to exercise ordinary care to prevent and avoid injuries to their employees and to Plaintiff.

16. Pleading in the alternative only, and without admitting any fault, in the event that Cascade is found liable to Plaintiff, Cascade pleads that, during the relevant time period referenced in Plaintiff's First Amended Complaint, the Veolia Defendants committed one or more of the following negligent acts and/or omissions:

    a. failed to make a reasonable inspection of its premises and the work being done thereon, when the Veolia Defendants knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    b. improperly operated, managed, maintained and controlled its premises, so that as a direct and proximate result thereof, Plaintiff was injured;

    c. failed to provide Plaintiff with a safe place within which to work;

    d. failed to warn Plaintiff of the dangerous conditions then and there existing, when the Veolia Defendants knew, or in the exercise of ordinary care

       should have known, that said warning was necessary to prevent injury to Plaintiff;

    e.    failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon its premises, including but not limited to, training and other safeguards;

    f.    failed to supervise the work being done on its premises;

    g.    failed to adequately and properly instruct, direct, and warn workers in the proper and safe handling of the forklift while working at its premises; and

    h.    was otherwise careless or negligent.

17. As a direct and proximate result of one or more of the above-mentioned negligent acts or omissions of the Veolia Defendants, Plaintiff sustained injury and damages

18. If Plaintiff prevails against Cascade, Cascade is entitled to receive contribution from the Veolia Defendants, based on the percentage of liability or fault they caused or contributed to cause Plaintiff's injuries or damages pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et. seq*.

## **DEMAND FOR JURY TRIAL**

Third-Party Plaintiff Cascade hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant/Third Party Cascade Corporation, prays that if a judgment is entered against Cascade Corporation and in favor of the Plaintiff on any count, then judgment likewise be entered in favor of Cascade Corporation and against Third Party Defendants Veolia ES Technical Solutions, LLC and Veolia North America, LLC for their proportionate share of such judgment pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq*. to the full extent allowed by law, and Cascade Corporation prays for such other relief as the Court deems just and proper.

                                                                                 CASCADE CORPORATION

                                                                                 By:  s/ James K. Borcia\
                                                                                          One of Its Attorneys

Robert D. Kolar (*rkolar@tresslerllp.com*)\
James K. Borcia (*jborcia@tresslerllp.com*)\
TRESSLER LLP\
233 South Wacker Drive, 61st Floor\
Chicago, IL 60606\
(312) 627-4000

4850-7364-0105, v. 1