# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| *DUSTIN VENTIMIGLIA*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-707-NJR-MAB |
| ) | |
| *TOYOTA INDUSTRIAL EQUIPMENT MFG,* ) | **Current Presumptive Trial Month:** |
| *INC.; TOYOTA MATERIAL HANDLING,* ) | October 2020 |
| *U.S.A., INC.; and CASCADE* ) | |
| *CORPORATION*, ) | **Proposed New Presumptive Trial** |
| ) | **Month:** March 2021 |
| Defendants. ) | |
| ) | |
| ) | |
| *CASCADE CORPORATION*, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| *VEOLIA ES TECHNICAL SOLUTIONS, LLC* ) | |
| *and VEOLIA NORTH AMERICA, LLC*, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

## AMENDED JOINT PROPOSED SCHEDULING AND DISCOVERY ORDER

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. The Veolia Entities have the following deadlines, which have already passed for other parties:

    a. Answer to Toyota's Third-Party Complaint: **January 10, 2020**;

    b. Initial Disclosures and answers to Toyota's outstanding discovery: **January 17, 2020**;

    c. Initial interrogatories and requests to produce shall be served on opposing parties: **January 17, 2020**.

2. Plaintiff's deposition shall be taken by **April 3, 2020.** The Parties have conferred and acknowledge that one or more parties may have a conflict with completing the plaintiff's deposition by the deadline identified herein. If that occurs, the parties have agreed to work in good faith to complete the deposition by agreement outside of any deadline identified herein.

3. Defendants' depositions shall be taken by **May 8, 2020**. The Parties have conferred and acknowledge that one or more parties may have a conflict with completing the defendants' depositions by the deadline identified herein. If that occurs, the parties have agreed to work in good faith to complete the depositions by agreement outside of any deadline identified herein.

4. Third-Party Defendants' depositions shall be taken by **June 19, 2020**. The Parties have conferred and acknowledge that one or more parties may have a conflict with completing the defendants' depositions by the deadline identified herein. If that occurs, the parties have agreed to work in good faith to complete the depositions by agreement outside of any deadline identified herein.

5. Amended pleadings shall be considered under Federal Rule of Civil Procedure 15.

6. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    a. Plaintiff's expert(s): **May 22, 2020**.

    b. Defendant's expert(s): **July 10, 2020**.

    c. Third Party expert(s): **August 14, 2020**.

7. Depositions of expert witnesses must be taken by:

    a. Plaintiff's expert(s): **June 19, 2020**.

    b. Defendant's expert(s): **August 7, 2020**.

    c. Third Party expert(s): **September 11, 2020**.

8. The parties currently do not anticipate the need for an ESI protocol.

9. **Discovery** shall be completed by **September 15, 2020** (which date shall be no later than **115 days** before the first day of the month of the presumptive trial month or the first day of the month of the trial setting). Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

10. All **dispositive motions** shall be filed by **September 30, 2020** (which date shall be no later than **100 days** before the first day of the month of the presumptive trial month or the first day of the month of the trial setting). Dispositive motions filed after this date will not be considered by the Court.

11. The presumptive trial month is set for **March 2021**.

12. The parties are reminded that, prior to filing any motions concerning discovery, they must first meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference if they are unable to resolve their dispute. If the dispute cannot then be resolved in the first telephonic conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED:  December 19, 2019

>  */s/Lloyd M. Cueto*
> Lloyd M. Cueto
> Law Office of Lloyd M. Cueto, P.C.
> 7110 West Main Street
> Belleville, IL 62223
> (618) 277-1554
> (618) 277-0962 (fax)
> cuetolm@cuetolaw.com
> *Attorney for Plaintiff*
>
> */s/James K. Borcia*
> Robert D. Kolar
> James K. Borcia
> TRESSLER LLP
> 233 South Wacker Drive, 61st Floor
> Chicago, IL 60606
> (312) 627-4000
> (312) 627-1717 (fax)
> rkolar@tresslerllp.com
> jborcia@tresslerllp.com
> *Attorneys for Defendant Cascade Corporation*
>
> */s/Jonathan T. Barton*
> Jonathan T. Barton, #6257357
> Rebecca R. Corson, #6325584
> 8000 Maryland Ave, Suite 450
> St. Louis, MO 63105
> (314) 455-6502
> (314) 455-6524 (fax)
> jbarton@stantonbarton.com

rcorson@stantonbarton.com
*Attorneys for Defendants Toyota Industrial Equipment Mfg., Inc., and Toyota Material Handling, U.S.A., Inc.*

*/s/ Zachary S. Merkle*
Mary Anne Mellow, #6184050
Zachary S. Merkle, #6322707
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
mmellow@sandbergphoenix.com
zmerkle@sandbergphoenix.com
*Attorneys for Third-Party Defendants Veolia ES Technical Solutions, L.L.C. and Veolia North America, LLC*