IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN VENTIMIGLIA,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA INDUSTRIAL EQUIPMENT MFG., INC.; TOYOTA MATERIAL HANDLING, U.S.A., INC.; and CASCADE CORPORATION,<br><br>Defendants. | Case No. 3:19-CV-00707-NJR |
| TOYOTA INDUSTRIAL EQUIPMENT MFG., INC.; TOYOTA MATERIAL HANDLING, U.S.A., INC.; and CASCADE CORPORATION,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>VEOLIA NORTH AMERICA LLC; and VEOLIA ES TECHNICAL SOLUTIONS, LLC; ,<br><br>Third-Party Defendants. | |

# ORDER

Pending before the Court is a Motion to Compel (Doc. 81) by all Defendants against Plaintiff Dustin Ventimiglia and a Motion for Joinder in Defendants' Motion to Compel (Doc. 83) by Third-Party Defendants.

Defendants filed their motion on September 13, 2020, claiming that Ventimiglia had not complied with the Court's Second Amended Discovery Order (Doc. 72) by failing to release a list of his expert witnesses by the September 4, 2020 deadline, and as a result of this failure the

Defendants have been unable to depose Ventimiglia's experts by the deadline on October 2, 2020. Accordingly, Defendants as for an order pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), compelling Ventimiglia to release the list of his expert witnesses, and for the discovery schedule to be adjusted to account for the delay in disclosure. Third-Party Defendants have moved to join Defendants' motion and for their discovery deadlines to also be adjusted to account for Ventimiglia's delay.

Ventimiglia responded on October 5, 2020, not denying that he had failed to comply with the September 4 deadline for disclosure of expert witnesses but instead arguing that the depositions of defendants indicated a need to depose more employees of the defendants and that he is unable disclose experts until this is completed. Accordingly, Ventimiglia requested an extension of the deadline for disclosure of experts.

Ventimiglia did not, however, explain why he waited more than a month after the deadline for expert disclosure elapsed to ask for an extension. The Court seeks to permit reasonable accommodations requested by the parties and is generally amenable to extending deadlines, but it expects the parties to communicate with each other and with the Court in a responsible and timely manner. In this case, the deadline having already elapsed by a considerable period, the Court is not inclined to grant the extension sought.

Instead, the Court **GRANTS** the Motion to Compel and Motion for Joinder, **ORDERS** Ventimiglia to produce his list of experts within seven days of this order, and thereby **EXTENDS** the deadlines of the Second Amended Discovery Order as follows:

1. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    a. Plaintiff's expert(s): **October 15, 2020**.

    b.  Defendant's expert(s): **December 18, 2020**.

    c.  Third Party expert(s): **March 29, 2021**.

2. Depositions of expert witnesses must be taken by:

    a.  Plaintiff's expert(s): **November 12, 2020**.

    b.  Defendant's expert(s):  **February 11, 2021**.

    c.  Third Party expert(s): **April 25, 2021**.

At this time, the Court will make no further changes to the Second Amended Discovery Order, and other deadlines of that Order continue in force. Should the parties wish to further amend the discovery schedule, the Court recommends that they communicate amongst themselves and notify the Court in a timely fashion.

**IT IS SO ORDERED.**

**DATED:  October 8, 2020**

_Nancy J. Rosenstengel_
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**